Ajit K. MEDHEKAR; Sid Agrawal; C.N. Reddy; C.N. Reddy Investments, Inc.; N. Damodar Reddy; N.D.R. Investments, Inc.; Ronald K. Shelton; Alliance Semiconductor Corp., Petitioners,

v.

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, Respondent,

and

Robert Hockey, on behalf of himself and all others similarly situated, Real Party in Interest.

No. 96–70437.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted by Telephone to Motions Panel Oct. 1, 1996.

Decided Oct. 31, 1996.

Joyce M. Cartun and Norman J. Blears, Heller, Ehrman, White & McAuliffe, Palo Alto, CA, for petitioners.

William S. Dato, Milberg, Weiss, Bershad, Hynes & Lerach, San Diego, CA, for real party in interest.

Jeffrey S. Facter, Steven A. Maddox and Michele F. Kyrouz (briefed), Shearman & Sterling, San Francisco, CA, for amici curiae The National Venture Capital Association and The Information Technology Association of America.

Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.

PER CURIAM:

Petitioners are defendants in a securities fraud action filed by real party in interest in connection with the purchase and sale of stock in one of the defendant companies. Petitioners seek a writ of mandamus directing the district court to stay the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1) and Northern California Civil Local Rule 16–5 pending the disposition by the district court of defendants' motion to dismiss the action. The district court in a published opinion ordered the disclosures to go forward. *Hockey v. Medhekar*, 932 F.Supp. 249 (N.D.Cal.1996). We accept mandamus review and grant the petition.

This petition raises a question of first impression relating to interpretation of the Private Securities Litigation Reform Act of 1995 (the "Act"), P.L. 104–67, codified at 15 U.S.C. §§ 77a et seq. Pursuant to section 21D(b)(3)(B) of the Act, "all discovery and other proceedings" must be stayed pending the disposition of a motion to dismiss a securities action covered by the Act. 15 U.S.C. § 78u–4(b)(3)(B). It is undisputed that the Act applies to this action, and that the limited statutory exception to the stay of discovery is not applicable here. The only question presented in this petition is whether the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1) and accompanying local rules constitute "discovery" or "other proceedings" for purposes of the stay provision. We hold that such disclosures are discovery for purposes of the Act.

**(1) Jurisdiction**

Before addressing the merits of the petition, we must determine whether mandamus review is appropriate. Review by way of a petition for writ of mandamus is extraordinary and will only be granted if certain exacting standards are met. *See Bauman v. United States District Court*, 557 F.2d 650 (9th Cir.1977).

Under *Bauman*, five factors are to be considered in deciding whether to grant mandamus: (1) whether the petitioner has no other adequate means, such as a direct appeal, to attain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems, or issues of law of first impression. *Id.* at 654–55.

Petitioners have satisfied the first *Bauman* factor, in that the district court's published opinion denying their motion to stay the disclosure requirements under the Act is not immediately appealable. *See Admiral Insurance Co. v. United States District Court*, 881 F.2d 1486, 1491 (9th Cir. 1989) (discovery orders not immediately appealable). Neither is it appropriate for certification pursuant to Fed.R.Civ.P. 54(b) (relating to the dismissal of some claims or parties) or 28 U.S.C. § 1292(b) (requiring a controlling question of law whose determination would materially advance the termination of the litigation). Consequently, there is no avenue for immediate review of the district court's opinion except by mandamus.

Petitioners have also satisfied the second *Bauman* factor, in that the harm sought to be avoided, the burden and cost of providing the initial disclosures, cannot be corrected in a subsequent appeal from a final judgment in the absence of mandamus relief. *See Admiral Insurance Co.*, 881 F.2d at 1491. To the extent that potential harm exists in this case, it is irreparable and probably cannot even be

addressed in a subsequent appeal from entry of a final judgment because it will be moot. It is the precise harm intended to be avoided by the stay provision of the Act. *See* 141 Cong.Rec. H13691, H13700 (daily ed. Nov. 28, 1995) (purpose of stay provision to minimize costs for defendants during pendency of motion to dismiss).

Because this is a question of first impression not yet addressed by any circuit court in a published opinion, petitioners cannot satisfy the third and fourth *Bauman* factors, requiring a showing of a clear or oft-repeated error by the district court. It is not necessary to satisfy all five of the *Bauman* factors, however, and would in fact be impossible to do so in light of the fifth factor, which is the existence of a new and important question of first impression. *See Admiral Insurance Co.*, 881 F.2d at 1491 (not necessary to satisfy all five factors; fourth and fifth factors rarely if ever present together). This last factor is clearly satisfied here.

Given the fact that this is an important question of first impression, and the likelihood that this court will not have the opportunity to address the issue in the context of a later appeal from the judgment, mandamus is an appropriate vehicle for review in this situation.

(2) Discussion

The Act provides that, upon the filing of a motion to dismiss by the defendants in a private securities fraud action, "all discovery and other proceedings shall be stayed during the pendency" of such motion. 15 U.S.C. § 78u–4(b)(3)(B). Fed.R.Civ.P. 26(a)(1) requires that parties to any civil action must, without waiting for discovery requests, provide to the other parties: (a) the name and address of individuals likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings; (b) a copy or description of all documents and things in the party's custody that are relevant to disputed facts alleged with particularity in the pleadings; (c) a computation of damages claimed by the disclosing party; and (d) copies of relevant insurance agreements.

The single issue presented by this petition is whether the terms "discovery" or "other proceedings" as used in the Act include the initial disclosures required by Rule 26(a) and related local rules.

(a) *Discovery*

The district court held that "initial disclosures" is a term of art created by Congress and the Judicial Conference in 1993 as a supplement to discovery, and that, throughout the discovery rules, it is used separately from the term discovery. *Hockey v. Medhekar*, 932 F.Supp. 249, 251–52 (N.D.Cal.1996). The court determined that Congress had chosen in amending the discovery rules to make a distinction between discovery and disclosures, and that Congress neglected to acknowledge the existence of or include disclosure requirements in enacting the stay of discovery provision of the 1995 Act. *Id.* The court held that this omission is significant, and that, even if an intent to omit disclosures in the Act can not be affirmatively presumed, Congress should have been more precise in using language it knew to be ambiguous. *Id.*

In addition, real party in interest argues that the omission of initial disclosures from the Act's stay of discovery is not inconsistent with the purpose of the Act. Real party in interest argues that the stay provisions of the Act were designed to alleviate the expense and burden of formal discovery prior to a ruling on a motion to dismiss, and that the initial disclosure requirements fulfill a similar purpose by eliminating the costs of formal discovery in the early stages of litigation and by preventing "fishing expeditions" prior to having to state a valid claim. Real party asserts that, because disclosures are limited to facts alleged with particularity in the pleadings, they are sufficiently narrow to avoid the evils addressed by Congress in the Act.

While this court is mindful of the concerns of real party in interest that including the initial disclosure requirements in the discovery stay might lead to unnecessary or unreasonable delays in the early stages of litigation, we must consider the usage of initial disclosures in the context of the federal dis-

covery rules to determine whether such disclosures are discovery for purposes of the Act. We conclude that initial disclosures are a subset of discovery, and that, as such, they are included in the Act's stay provision.

The initial disclosure requirements of Rule 26(a) are contained in a rule entitled "general provisions governing discovery; duty of disclosure," which is found in a section entitled "depositions and discovery." The drafters of Rule 26(a) intended these disclosures to serve as "the functional equivalent" to discovery, and to eliminate the need for formal discovery at the early stages of litigation. 1993 Advisory Committee Notes to Fed. R.Civ.P. 26(a)(1).

The federal discovery rules contain numerous examples in which disclosures are treated as a subset of discovery. *See* Fed. R.Civ.P. 26(a)(1)–(5) (identifying different forms of disclosures and methods to discover additional matters); Fed.R.Civ.P. 26(c) (availability of protective orders relating to discovery or disclosures); Fed.R.Civ.P. 26(f) (including disclosures in the discovery plan). The fact that the rules refer to disclosures and discovery as two distinct terms does not alter the usage of disclosures as a form of discovery any more than does the use of the distinct term alter the usage of depositions as a form of discovery.

In addition, although disclosures are intended to be less burdensome than formal discovery, the time and expense involved in the identification and production of documents and other items required by the disclosure rule is exactly the type of burden sought to be eliminated by the Act. *See* 141 Cong.Rec. at H13700 (stay provision designed to minimize unnecessary imposition of costs on defendants); 141 Cong.Rec. S19146, S19151 (daily ed. Dec. 22, 1995) (judicial determination of merit should precede imposition of time and expense of turning over company's records to plaintiffs). Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed. *See* 141 Cong.Rec. at H13699 (Act to prevent practice of filing premature or baseless lawsuits in

hopes of obtaining grounds through discovery process); 141 Cong.Rec. at S19151 (judges should determine merit of complaint before defendants are required to turn over company's records).

#### (b) *Other Proceedings*

To the extent that it can be argued that initial disclosures are not the same as discovery, we hold that such disclosures are at a minimum included in the ban on "other proceedings" during the pendency of a motion to dismiss.

The district court held that the term "other proceedings" refers only to judicial proceedings relating to discovery, such as a motion to compel discovery or a request for a protective order. *Medhekar*, 932 F.Supp. at 253. The court held that the term "proceedings" implies a formal activity involving the court's participation, and does not include informal activity by the parties outside of the courtroom. *Id.* Real party in interest further argues that, to include disclosures in the term "other proceedings" would be to construe that term so broadly as to include every possible movement or activity relating to the litigation, and would be an absurd interpretation of the Act.

We disagree that the term "other proceedings" must be either very narrowly or very broadly interpreted. Disclosure requirements are as much a "supplement" to plaintiffs' narrowly defined "discovery" as anything could be. Given the context and legislative history of the Act, it appears that the term was intended to include litigation activity relating to discovery, which would certainly include disclosures and would not, as real party fears, include all litigation activity in general. *See* 141 Cong.Rec. at H13699 (intent of Act to minimize unnecessary costs of production of documents and to prevent abusive filings in which facts are sought after initiation of litigation).

#### (3) Conclusion

We hold that the initial disclosure requirements of Fed.R.Civ.P. 26(a) and related local rules are "discovery" or "other proceedings" for purposes of the Act's stay provision, and

that such disclosures must be stayed pending the disposition of a motion to dismiss in an action covered by the Act. Consequently, the petition for a writ of mandamus is granted and the district court's opinion is vacated.

**PETITION GRANTED.**